IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12CR3012 |
| vs. | |
| GERARDO RANGEL ROJAS, | PRELIMINARY ORDER OF FORFEITURE |
| Defendant. | |

This matter is before the Court on its own motion, to address the matter of forfeiture in this case. Defendant has pled guilty to count I of the first superseding indictment (filing 27), which charged a conspiracy to commit identification fraud, in violation of 18 U.S.C. § 1028. *See* filings 35 and 36. The indictment also contained a forfeiture allegation, seeking forfeiture of any property constituting or derived from proceeds obtained directly or indirectly as a result of defendant's violation of § 1028. Filing 27 at 75–76. Defendant admitted the forfeiture allegation, but reserved the right to contest the amount of forfeiture. Filing 31 at 1, 8–9.

The United States is seeking the forfeiture of $3,800 as the gross proceeds of defendant's participation in the conspiracy to violate § 1028, pursuant to 18 U.S.C. § 982(a)(2). Section 982(a)(2) provides that, for violations of § 1028, the court "shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person

obtained directly or indirectly, as the result of such violation." § 982(a)(2) (emphasis supplied). The same statute, in various subsections, refers to "proceeds," "gross proceeds," and "gross receipts." *See, e.g.*, § 982(a)(3)–(4) (gross receipts); (5) (gross proceeds); (6)(A)(ii)(I) (proceeds).

The word "proceeds" has been read, in some statutes, to reach only profits, and not gross proceeds. *See United States v. Santos*, 553 U.S. 507 (2008). The United States argues that despite the wording of § 982(a)(2), defendant should be ordered to forfeit the gross proceeds of his involvement in the conspiracy. Filing 40. Defendant has not objected to the United States' interpretation of § 982(a)(2) or the requested amount of $3,800.[1]

The Court agrees that the United States is entitled to forfeiture of the gross proceeds of defendant's participation in the conspiracy. *See, United States v. Peters*, 257 F.R.D. 377, 388 (W.D.N.Y. 2009) (the term "proceeds" in § 982(a)(2) includes gross proceeds); *United States v. Miller*, 2009 WL 2949784 at *4–5 (D. Kan. 2009) (same); *cf. United States v. Simmons*, 154 F.3d 765, 770 (8th Cir. 1998) (interpreting "proceeds" as gross receipts under RICO forfeiture statute). If the government were limited to seeking forfeiture of the defendant's profits, it would "'be necessary for the prosecutor to prove

---

[1] In his response to the initial presentence investigation report and his motion for downward departure or variance, defendant stated only that any amount of restitution, or whether restitution is appropriate, still needs to be determined. *See* filings 37, 44, and 47.

what the defendant's overhead expenses were,'" which is an unworkable result Congress could not have intended. *Miller,* 2009 WL 2949784 at *5 (quoting *United States v. Caparotta,* 571 F. Supp. 2d 195, 198–200 (D. Me. 2008)).

The Court further finds that the United States has shown that $3,800 is the correct amount defendant should forfeit. *See* filing 40 at 3–7, 14–17; Revised Presentence Investigation Report (PSR) at ¶¶ 77–84. Defendant acted as a broker, taking orders for identity documents from customers in the United States and obtaining Puerto Rican identity documents from other conspirators. Filing 35 at 27–33. The government's investigation revealed that other identity brokers in this same conspiracy generally accepted two payments from customers: a down payment of half the total amount, which was wired to the supplier in Puerto Rico, and the remaining half (which the broker would pocket) upon delivery of the document to the customer. Revised PSR at ¶ 84. Defendant transferred at least $1,900 to his suppliers. Filing 35 at 28–31; Revised PSR at ¶¶ 77–84; filing 31 at 2–4. Accordingly, the Court finds that defendant should be held accountable for $3,800 in proceeds obtained as a result of his offense.

Unless defendant presents evidence to the contrary, this order shall become final at sentencing. *See* Fed. R. Crim. P. 32.2(b)(4)(A). After sentencing, this amount will be included in defendant's judgment of

conviction as a money judgment against him. This will operate as an *in personam* judgment against defendant and not an order directed at specific assets in which any third party could have an interest; therefore, no ancillary proceedings are necessary. Fed. R. Crim. P. 32.2(c)(1); *United States v. Zorrilla-Echevarria,* 671 F.3d 1, 5–6 (1st Cir. 2011). Accordingly,

IT IS ORDERED:

1. Based upon the defendant's guilty plea and upon the facts admitted in the change of plea hearing, the plea agreement, and the revised presentence investigation report, the Court finds that forfeiture in the amount of $3,800 is appropriate;

2. Defendant shall forfeit $3,800 to the United States; and

3. Following sentencing, defendant's judgment of conviction will include a money judgment of $3,800 in favor of the United States.

Dated this 3rd day of October, 2012.

BY THE COURT:

John M. Gerrard
United States District Judge